IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GREGORY PETERSON, Next Friend of ZACHARY PETERSON; MARIA PETERSON, | ) ) ) | CIVIL NO.  05-00657 JMS/KSC |
| | ) | |
| Plaintiffs, | ) ) | ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS AND |
| vs. | ) ) | ORDERING TRANSFER TO UNITED STATES DISTRICT |
| ZENO BEATTIE; ROBERT BEATTIE; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE NON-PROFIT ENTITIES 1-10; DOE GOVERNMENTAL ENTITIES 1-10, | ) ) ) ) ) ) ) ) | COURT FOR THE DISTRICT OF COLORADO |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS AND
ORDERING TRANSFER TO UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO

I.  INTRODUCTION

        Zeno Beattie and Robert Beattie (hereinafter "Defendants") have

moved the court to dismiss the Plaintiffs' Complaint for lack of personal

jurisdiction, or in the alternative, for improper venue.  Based on the following, the

court DENIES the Defendants' motions for dismissal and ORDERS this matter transferred to the United States District Court for the District of Colorado.

## II.  BACKGROUND

Gregory Peterson (as Next Friend of Zachary Peterson) and Maria Peterson (hereinafter "Plaintiffs") filed their Complaint on October 17, 2005, with jurisdiction based on diversity of citizenship.  The Defendants are citizens of the State of Colorado.  The Plaintiffs are citizens of the State of Hawaii and as discussed more fully *infra,* generally allege that the Defendants' dog attacked and caused injury to their son Zachary Peterson.

The Plaintiffs allege that on October 18, 2003, the Defendants' dog attacked Zachary, resulting in bite induced injuries to his face and head.  It is undisputed that the events described herein took place in the County of Pitkin, in the State of Colorado.[1]  At the time of the incident, all Plaintiffs and Defendants were citizens of the State of Colorado.  Subsequent to these events and prior to

---

[1] Although it is undisputed that the incident occurred in Pitkin County, Colorado, there may be some confusion regarding whose property Zachary was on when he was allegedly attacked.  In the Plaintiffs' Complaint, ¶2, it states that "[t]he child dog bite victim was lawfully in a private place on the grounds of the family residence at the time of the dog bite. . . ."  However, in Plaintiff's Complaint, ¶13, it states that "[p]laintiffs were injured on premises owned, controlled, managed by Defendants. . . ."  Counsel for Defendant Robert Beattie interpreted the Complaint as alleging that the injury occurred on the grounds of the Plaintiffs' private family residence in Pitkin, Colorado.  Counsel for Defendant Zeno Beattie interpreted the Complaint as alleging that the injury occurred on the Defendants' property.  For the purpose of this Motion to Dismiss, the precise location of the incident within Pitkin County, Colorado is irrelevant.

filing their complaint, the Plaintiffs moved to and became citizens of the State of Hawaii.

The Plaintiffs' Complaint alleges that the Defendants were the owners or keepers of the so-called "culprit dog," knew of its vicious or dangerous propensity, yet failed to control or restrain it with a leash or other means in violation of Pitkin County's Animal Code. The Plaintiffs contend that the Defendants' failure to properly restrain their dog led to the events wherein Zachary was allegedly bitten and injured. Furthermore, Plaintiff Maria Peterson (Zachary's mother) allegedly put herself in harm's way to rescue Zachary from the attacking dog, suffering emotional distress as a result. The Plaintiffs' Complaint alleges common law strict liability, general negligence, negligence *per se*, and premise liability in relation to the injuries suffered by Zachary. Plaintiff Maria Peterson alleges negligent infliction of emotional distress resulting from the circumstances surrounding the attack. The Plaintiffs seek monetary damages for lost wages, out-of-pocket expenses, hospital and medical expenses, in addition to damages for emotional distress.

Defendant Zeno Beattie filed the instant Motion to Dismiss on January 17, 2006. Defendant Robert Beattie filed his Motion to Dismiss on

February 2, 2006.  Defendants ask the court to dismiss all claims against them for lack of personal jurisdiction, or in the alternative, for improper venue.

On March 29, 2006, Plaintiffs filed an opposition to the Defendants' Motions to Dismiss in which they concede that venue is improper and request that the court transfer this matter to a proper district pursuant to 28 U.S.C. §1406(a). In his reply memorandum filed on April 7, 2006, Defendant Robert Beattie argues that this matter should be dismissed rather than transferred.  He requests that if the court transfers the matter, the Plaintiffs be ordered to reimburse him for attorneys' fees and costs associated with his Motion to Dismiss.

The court heard arguments on the Defendants' Motions to Dismiss on April 17, 2006.

## III.  ANALYSIS

Due to the similar nature of the factual circumstances and arguments put forth in both Defendants' Motions to Dismiss, the court will address the motions together.  The court DENIES the Defendants' Motions to Dismiss, and in the interest of justice, orders this matter transferred to the United States District Court for the District of Colorado.  Additionally, the court finds that the Defendants are not entitled to reimbursement from the Plaintiffs for attorneys' fees

and costs associated with preparing and arguing their respective Motions to Dismiss.  Each of these issues is discussed in turn.

A.      This court transfers venue under §1406(a)

Pursuant to 28 U.S.C. §1406(a), a district court "in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  In this matter, the Defendants filed their motions for dismissal without accompanying requests for transfer.  However, even when a defendant moves to dismiss only, the court may order transfer if it is otherwise appropriate. *Concession Consultants, Inc. v. Mirisch*, 355 F.2d 369, 371 n.3 (2d Cir. 1966).

1.      Transferor court meets prerequisites to transfer

There are two prerequisites that the transferor court must satisfy before it may transfer a case to a proper venue.  First, the transferor court must have subject matter jurisdiction.  Second, the venue must be improper in the transferor court.  Each of these issues is discussed more fully *infra*.  Once these two conditions are satisfied, the court may transfer venue under 28 U.S.C.

§1406(a) without regard to whether it has personal jurisdiction over the

Defendants.  *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962).

 

 

      a.    <u>Transferor court has subject matter jurisdiction</u>

As a threshold matter, a court may not transfer an action for improper

venue unless it has jurisdiction over the subject matter.  *See Bookout v. Beck*, 354

F.2d 823, 825 (9th Cir. 1965).  In the instant matter, the court has subject matter

jurisdiction as a result of the parties' diversity of citizenship.  Pursuant to 28

U.S.C. §1332, "the district courts shall have original jurisdiction of all civil

actions where the matter in controversy exceeds the sum or value of $75,000,

exclusive of interest and costs, and is between. . . [c]itizens of different States[.]"

In their Complaint, the Plaintiffs allege that the matter in controversy

exceeds the sum specified in 28 U.S.C. §1332.  Furthermore, the controversy is

between citizens of different states because it is undisputed that at time the

Complaint was filed the Defendants were citizens of Colorado and the Plaintiffs

were citizens of Hawaii.  Based on these facts, the court has subject matter

jurisdiction.

      b.    <u>Venue in Hawaii is improper</u>

Venue can be transferred under § 1406(a) only if venue is improper or wrong in the transferor court.  28 U.S.C. §1406(a).  The general venue statute, 28 U.S.C. §1391, states that a controversy based on diversity of citizenship can only be brought in:

> "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."

28 U.S.C. §1391 (2006).

In the instant case, venue is improper in Hawaii because none of the Defendants reside in the state of Hawaii, nor is it alleged that any part of the events occurred in Hawaii.  Additionally, the Plaintiffs' response to the Defendants' Motions to Dismiss concedes that venue is improper.  For these reasons, the court concludes that venue in Hawaii is improper.

2.    <u>Transferee court meets prerequisites to receive transfer</u>

A transferor court may only transfer a matter to a different district (transferee court) if the transferee court is one in which the action "could have been brought."  28 U.S.C. §1406(a).  This has been interpreted to mean that the proposed transferee court must have (1) subject matter jurisdiction, (2) proper

venue, and (3) defendants must be subject to personal jurisdiction and be amenable to service of process in that district. *See Shapiro v. Bonanza Hotel Co.*, 185 F.2d 777, 780 (9th Cir. 1950) (interpreting similar language in 28 U.S.C. §1404(a)); *Sharp Electronics Corp. v. Hayman Cash Register Co.*, 655 F.2d 1228, 1230 (D.C. Cir. 1981) . Furthermore, the phrase "could have been brought" means the Plaintiff must have had the right to bring the action in the proposed transferee forum at the time suit was initiated. *See Hoffman v. Blaski*, 363 U.S. 335, 342-344 (1960) (interpreting similar language in 28 U.S.C. §1404(a)).

The United States District Court for the District of Colorado is a district in which the action could have been brought. First, based on the same facts and analysis discussed above regarding this court's subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. §1332, the court finds that the United States District Court for the District of Colorado has subject matter jurisdiction over this matter. Second, as previously discussed, under 28 U.S.C. §1391 a controversy based on diversity of citizenship can only be brought in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. . . ." It is undisputed that all Defendants are residents of Colorado, and that all pertinent events giving rise to

the instant matter took place in Pitkin County, Colorado.  Therefore, under 28 U.S.C. §1391, the United States District Court for the District of Colorado is a proper venue for this matter.  Finally, a proposed transferee court must have personal jurisdiction over the Defendants.  A court may exercise general personal jurisdiction when the defendant is a resident or domiciliary of the forum state, or when the defendant's contacts with the forum state are "substantial" or "continuous and systematic." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984).  It is undisputed that both Defendants in the instant case are residents of the proposed forum state of Colorado and amenable to service of process in that district.  As such, the United States District Court for the District of Colorado has general personal jurisdiction in this matter.

    3.    <u>It is in the interest of justice to transfer</u>

As previously stated, a district court "in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. §1406(a).  In deciding whether to transfer rather than dismiss the case outright, the court has some discretion.  Ordinarily a transfer will be in the interest of justice because dismissal of an action that could be brought elsewhere is "time consuming and justice-defeating." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463,

466 (1962).  Additionally, courts have held that a transfer is in the interest of justice when an applicable statute of limitations has run after the plaintiff's initial filing.  *Minette v. Time Warner*, 997 F.2d 1023, 1026-1027 (2d Cir. 1993); *U.S. v. Miller-Stauch*, 904 F. Supp. 1209, 1214 (D. Kan. 1995).  The purpose of the improper venue transfer statute is to avoid the harsh result of dismissal of the action "merely because [plaintiffs] had made an erroneous guess with regard to the existence of some elusive fact upon which venue provisions often turn."  *Goldlawr, Inc*., 369 U.S. at 466.

In this case, the Plaintiffs have argued that transferring the case is appropriate because (1) Plaintiff Maria Peterson's claim will be time barred by the applicable statute of limitation if the case is dismissed,[2] and (2) a dismissal would be time consuming and would create unnecessary expense.  The court agrees; transferring the case is the most time efficient and economical alternative.  Therefore, the court finds that it is in the interest of justice to transfer this matter to the United States District Court for the District of Colorado.

B.  Attorneys' fees

---

[2] At the April 17, 2006 hearing, the Defendants argued that, pursuant to a Colorado tolling statute, none of the Plaintiffs' claims would be time barred even if they were forced to refile in Colorado.  Regardless, the court concludes that it is "in the interest of justice" to transfer this case.

10

In Defendant Robert Beattie's April 7, 2006 Reply Memorandum in support of his Motion to Dismiss, he argues that the Plaintiffs knew or should have known that the court lacked jurisdiction over the Defendants.  If the court transfers the matter, he requests reimbursement for his attorneys' fees and costs incurred in preparing and arguing his Motion to Dismiss.  Neither Defendant has submitted a separate motion for sanctions, and Defendant Robert Beattie has cited no authority in support of his request.  While the court may enter sanctions on its own initiative,[3] after considering all the circumstances of this matter, the court determines that sanctions are not appropriate.  Although the Plaintiffs should not have filed suit in Hawaii, the Defendants also failed to exercise due diligence to avoid needless costs and delay.  For example, the Defendants failed to seek an agreement from the Plaintiffs to transfer venue of this matter to the District of Colorado prior to filing their motions.  A short discussion between reasonable counsel might have obviated the need for the filing of two separate motions to dismiss.

//

//

---

[3]  The court on its own initiative "may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto." FED.R.CIV.P. 11.

11

//

//

//

//

//

## IV. CONCLUSION

For the foregoing reasons, this court DENIES the Defendant's Motion to Dismiss.  The Clerk of Court shall transfer this matter to the United States District Court for the District of Colorado and close the case in this District.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 21, 2006.

J. Michael Seabright
United States District Judge

12

*Peterson et al. v. Beattie et al.*, Civ. No. 05-00657 JMS/KSC, Order Denying Defendant's Motion to Dismiss and Ordering Transfer of Case to United States District Court for the District of Colorado